**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

  v.

VILLAGE OF MINEOLA and the MINEOLA
FIRE DEPARTMENT,

    Defendants.
-----------------------------------------------------------x

CV 08  3973

CIVIL ACTION NUMBER

**FEUERSTEIN, J.**

COMPLAINT

**TOMLINSON, M.J.**

JURY TRIAL DEMANDED

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
SEP 29 2008
BROOKLYN OFFICE

## NATURE OF THE ACTION

  This is an action under the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621 et seq., to correct unlawful employment practices on the basis of age and to provide appropriate relief to Stephen Stolarik, Donald Frantz, Richard Baughan, Louis Santosus, Martin Dawber, Walter Crosby, Joseph Conlon, William Gresalfi, Walter J. Lange (the "Charging Parties"), and other similarly situated employees of Defendant Mineola Fire Department, which is the fire department for Defendant Village of Mineola. The Equal Employment Opportunity Commission ("EEOC") alleges that Defendants refused to allow volunteer firefighters age 60 and older to accrue credit towards a "length of service award benefit" in the Mineola Fire Department Length of Service Award Program because of their age.

## JURISDICTION AND VENUE

  1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"),

which incorporates by reference Section 16(c) of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. § 216(c), and Section 17 of the FLSA, 29 U.S.C. §217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. §626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, the Incorporated Village of Mineola ("Mineola") has continuously been a political subdivision of the State of New York.

5. At all relevant times, Mineola has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. §630(b).

6. At all relevant times, Mineola has continuously been doing business in the State of New York and the County of Nassau, and has continuously had at least 20 employees.

7. At all relevant times, Mineola has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§630(b), (g) and (h).

8. At all relevant times, Defendant Mineola Fire Department ("MFD") has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. §630(b).

9. At all relevant times, MFD has continuously been doing business in the

State of New York and the County of Nassau, and has continuously had at least 20 employees.

10. At all relevant times, MFD has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§630(b), (g) and (h).

## CONCILIATION

11. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

## STATEMENT OF CLAIMS

12. Since at least October 16, 1992, and continuing since, Mineola and MFD (collectively "Defendants") have engaged in unlawful employment practices in violation of Section 4(a) of the ADEA, 29 U.S.C. §623(a).

13. Pursuant to New York State law, fire districts and/or departments may establish a "Length of Service Award Program" ("LOSAP") in which volunteer firefighters earn "service award credit" toward a "service award," a benefit payable when firefighters retire. New York General Municipal Law §§214-219A.

14. A LOSAP can only be adopted, amended, and/or terminated by a referendum of the voters of each community covered by the fire department and/or fire district.

15. Pursuant to state law, fire districts and/or departments adopting a Service Award Program must establish an "entitlement age" at which firefighters become eligible for benefits; the entitlement age cannot be earlier than age 55 or later than the age at which the participant can receive an unreduced benefit under Title II of the Social Security Act, i.e., age 60.

3

New York General Municipal Law §215(4).

16. The MFD is the fire department for Mineola.

17. Prior to January 1, 1991, the voters of Mineola approved a referendum adopting a LOSAP for MFD firefighters (the "MFD LOSAP").

18. Since at least January 1, 1990, the entitlement age for the MFD LOSAP has been age 60.

19. Since at least before October 16, 1992, active volunteer firefighters with the Mineola Fire Department age 60 and older, including but not limited to the Charging Parties, cannot earn service award credit in the Mineola Fire Department LOSAP, because of their age, in violation of the ADEA.

20. The effect of the practices complained of in paragraphs 12 through 19 above has been to deprive the Charging Parties and other similarly situated individuals age 60 and older of equal employment opportunities and otherwise adversely affect their eligibility to receive employee benefits because of their age.

21. The unlawful employment practices complained of in paragraphs 12 through 19 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Village of Mineola and the Mineola Fire Department, their officers, successors, assigns and all persons in active concert or participation with it, from discriminating against employees age 60 and over on the basis of age, and any other employment practice which discriminates on the basis of age.

B.	Order the Village of Mineola and the Mineola Fire Department to institute and carry out policies, practices and programs which provide equal employment opportunities and benefits for older individuals, and which eradicate the effects of their past and present unlawful employment practices.

C.	Grant an order requiring the Village of Mineola and the Mineola Fire Department to desist and refrain from the practice of refusing to allow volunteer firefighters age 60 and older from becoming members of the Mineola Fire Department LOSAP and refusing to allow volunteer firefighters age 60 and older to accrue credit toward a service award.

D.	Grant a judgment requiring the Village of Mineola and the Mineola Fire Department to award volunteer firefighters affected by Defendants' illegal policies credit toward a service award in an appropriate amount to be determined at trial.

E.	Grant a judgment requiring the Village of Mineola and the Mineola Fire Department to pay an appropriate service award in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest, to retired volunteer firefighters whose service awards were denied or reduced as a result of the acts complained of above, including but not limited to Stephen Stolarik, Donald Frantz, Richard Baughan, Louis Santosus, Martin Dawber, Walter Crosby, Joseph Conlon, William Gresalfi, and Walter J. Lange.

F.	Order the Village of Mineola and the Mineola Fire Department to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of their unlawful practices, including but not limited to service award credit for Stephen Stolarik, Donald Frantz, Richard Baughan, Louis Santosus, Martin Dawber, Walter Crosby, Joseph Conlon, William Gresalfi, Walter J. Lange and other similarly situated employees age 60 and older.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

Respectfully submitted,

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
1801 L Street, NW
Washington, D.C. 20507

_____
Elizabeth Grossman
Regional Attorney


Lisa Sirkin
Supervisory Trial Attorney

_____
Michael J. O'Brien (MOB-6409)
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004
tel:   212-336-3694
fax:   212-336-3623
e-mail: michael.obrien@eeoc.gov